IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 06-cr-00322-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BENNIE RICHARD GORDON, JR.,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER came before the Court on a sentencing hearing on Tuesday, December 11, 2007. A sentencing statement was submitted by the defendant objecting to the fact that the government did not file a motion for defendant to receive the third point for acceptance of responsibility under U.S.S.G. § 3E1.1. The government submitted a response to this sentencing statement on December 10, 2007, asserting that it acted within its discretion in not filing such a motion. A reply was submitted that same day. At the hearing, I ruled that the government abused its discretion in not filing such a motion. This Order explains my reasoning.

II.    <u>ANALYSIS</u>

U.S.S.G. § 3E1.1(b) states that the defendant may receive an additional one (1) level decrease of the offense level "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own

misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. . . . " Application Note 6 to the Guideline states, "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing."

The Tenth Circuit, interpreting U.S.S.G. § 3E1.1, has stated that the government has considerable discretion to file a motion for the additional one-level decrease. *United States v. Moreno-Trevino*, 432 F.3d 1181 (10th Cir. 2005) (quotation omitted). Indeed, the Tenth Circuit held in *Moreno-Trevino* that "prosecutors should be afforded the same discretion to file acceptance-of-responsibility motions under Section 3E1.1(b) as substantial-assistance motions under Section 5K1.1." *Id*. at 1185-86. Thus, the government has "'a power, not a duty,' . . to file a motion when a defendant has timely notified prosecutors of an intention to plead guilty." *Id*. (quotation omitted). Timeliness does not automatically entitled a defendant to this additional point, as the government can refuse to file such a motion for other reasons. *Id*. at 1186.[1]

Significantly, however, "despite the government's 'broad discretion' to file a Section 3E1.1 motion, such discretion 'is not unfettered.'" *Id*. "[A] court can review the government's refusal to file a Section 3E1.1(b) motion and grant a remedy if it finds the

---

[1] Indeed, "the government 'define[s] what constitutes timeliness and what constitutes trial preparation, [and] once those terms are defined the government has an evidentiary advantage.'" *Id*. (quotation omitted).

refusal was '(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end.'" *Id.* (quotation omitted).

In the case at hand, after reviewing the government's refusal to file a § 3E1.1(b) motion and hearing and considering the parties' arguments, I found at the Sentencing Hearing that a remedy should be granted. This was based on my finding that the government's refusal to file a motion was animated by an unconstitutional motive, *i.e.*, to penalize the defendant for exercising his constitutional rights to file a motion to suppress. I also find that the government's refusal to file such a motion is not rationally related to a legitimate government end.

Specifically, the Tenth Circuit has indicated that a court may not rely on the fact that the defendant filed a nonfrivolous motion to suppress, even that which required "a lengthy suppression hearing", to deny the one point decrease under § 3E1.1. *United States v. Marquez*, 337 F.3d 1203, 1211 (10th Cir. 2003). This is because a defendant "is entitled to bring a motion to suppress to protect his or her constitutional rights, and '[t]he Guidelines do not force a defendant to forgo the filing of routine pre-trial motions as the price of receiving a one-step decrease [under § 3E1.1(b)(2)].'" *Id.* (quotation omitted). Thus, a defendant cannot be penalized for exercising his constitutional rights in connection with same by denying him the third point for acceptance of responsibility. *Id.*; *see also United States v. Ochoa-Gaytan*, 265 F.3d 837, 843-44 (9th Cir. 2001).

While the government attempts to justify its decision not to file a § 3E1.1(b) motion on the basis that the preparation for the motion to suppress essentially amounted to trial preparation, I reject this argument. The Tenth Circuit and the majority of other Circuits hold that preparation for a motion to suppress is not the same as

preparation for a trial within the meaning of 3E1.1(b) and does not justify a decision not to award defendant the additional one point reduction. *Marquez*, 337 F.3d at 1211; see also *United States v. Price*, 409 F.3d 436, 443-44 (D.C. Cir. 2005); *United States v. Washington*, 340 F.3d 222, 228 (5th Cir.), *cert. denied*, 540 U.S. 1081 (2003); *United States v. Marroquin*, 136 F.3d 220, 225-26 (1st Cir. 1998); *cf. United States v. Roger*, 129 F.3d 76, 80-81 (2d Cir. 1997).

The government also attempts to justify its decision not to file a motion for defendant to receive the third point by asserting that defendant's motion to suppress was frivolous. Again, I disagree. Defendant's motion asserted various Fourth Amendment violations by law enforcement. I found that the motion raised valid issues about the officer's motives for its investigation as well as whether the search of the defendant was justified. Indeed, I questioned the officers' motives for investigating the party in my Findings of Fact and Conclusions of Law filed June 29, 2007, but properly noted that was not relevant to the Fourth Amendment analysis. Conclusions of Law ["COL"] ¶ 6. I also found that one of the officers was not credible on a particular issue (rejecting the Government's argument in that regard). COL ¶ 7 n. 6. Further, while I ultimately denied the motion to suppress, I thought it was a close call as to whether the encounter with the defendant was consensual. *See* COL ¶ 10-12.

In short, I find that the government's refusal to file a motion for the third point in this case is animated by an unconstitutional motive and not rationally related to a legitimate government end. Accordingly, I have discretion to award, and do award, the additional one point to defendant. *See Moreno-Trevino*. Finally, since I found at the sentencing hearing that the government's refusal to file a § 3E1.1(b) motion in this case

-4-

was an abuse of discretion, I did not accept defendant's alternative argument that a non-Guideline sentence should be imposed under 18 U.S.C. § 3553(a).

Dated: December 19, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge